UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SERGEY GORYAEV,

Petitioner,

v.                                                    CAUSE NO. 3:26cv239 DRL-SJF

BRIAN ENGLISH, *Warden of Miami Correctional Facility*,

Respondent.

OPINION AND ORDER

Immigration detainee Sergey Goryaev, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is being unlawfully detained in violation of the laws or Constitution of the United States. The respondent filed a response, and Mr. Goryaev filed a reply. The petition is ready to be decided.

Mr. Goryaev is a native and citizen of Russia who entered the United States on a B2 visa authorizing him to remain in the country until March 2022 [6-1]. In February 2025, he was arrested by the New York Police Department on charges related to robbery. He claims the charges were later dropped. On March 27, 2025, agents from United States Immigration and Customs Enforcement (ICE) arrested Mr. Goryaev pursuant to an arrest warrant while he was in NYPD custody. ICE then served Mr. Goryaev with a notice to appear, charging him as removeable under INA § 237(a)(1)(B) as an alien who remained in the United States longer than permitted. On August 1, 2025, an immigration judge ordered Mr. Goryaev removed to Russia. Mr. Goryaev appealed that decision to the Board of Immigration Appeals, and this appeal still is pending.

Mr. Goryaev is currently detained at Miami Correctional Facility. On February 23, 2026, he filed this habeas petition arguing his continued detention violates his due process rights. He asks the court to order his immediate release from custody or, alternatively, order a custody redetermination hearing before an immigration judge under INA § 1226(a). The respondent argues this habeas petition should be dismissed because Mr. Goryaev did not exhaust his available administrative remedies before filing this petition, as he has not yet requested custody redetermination before an immigration judge. In his reply, Mr. Goryaev concedes he has not yet requested custody redetermination before an immigration judge.

The Attorney General has delegated his discretion under § 1226(a) to release a noncitizen from detention during removal proceedings by regulation—first, to specified immigration officers who may "release an alien not described in [§ 1226(c)(1) (regarding criminal aliens)], under [bond or conditional parole]; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8). That is called an initial custody determination. After that initial custody determination, a noncitizen may apply to an immigration judge for a custody redetermination, and the immigration judge is authorized to exercise the authority in § 1226 "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also* 8 C.F.R. § 1003.19 (detailing procedures for custody or bond redeterminations by an immigration judge). The noncitizen may appeal the immigration judge's decision on custody redetermination to the Board of Immigration Appeals. 8 C.F.R. § 236.1(d)(3).

2

The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). But where "exhaustion of administrative remedies is not statutorily mandated," "sound judicial discretion governs" whether it must be accomplished. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). In exercising discretion whether to depart from the general rule, the court considers "the nature of the claim presented and the characteristics of the particular administrative procedure provided," *McCarthy*, 503 U.S. at 146, always cognizant that "individual interests demand that exhaustion be excused" when:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez*, 355 F.3d at 1016 (quoting *Iddir v. INS,* 301 F.3d 492, 498 (7th Cir. 2002)).

Here, Mr. Goryaev is asking the court to order a custody redetermination hearing before an immigration judge. But he has not yet exhausted his available remedy of requesting a custody redetermination before an immigration judge. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); 1003.19. In his reply, Mr. Goryaev argues he did not knowingly "waive" his right to a custody redetermination before an immigration judge, but rather does not have knowledge of the law and does not understand the procedures to request custody redetermination. ECF 10 at 2-3. But there is no evidence Mr. Goryaev has "waived" his right to custody redetermination before an immigration judge. Rather, the immigration regulations provide that a noncitizen like Mr. Goryaev may request a custody redetermination before an immigration judge "at any time" before his removal order

3

becomes final, meaning this remedy still is available to Mr. Goryaev. *See* 8 C.F.R. §§ 236.1(d)(1). He need only submit an "[a]pplication for an initial bond redetermination . . . orally, in writing, or, at the discretion of the Immigration Judge, by telephone," to "the Immigration Court having jurisdiction over the place of detention." 8 C.F.R. § 1003.19(b)-(c). Mr. Goryaev does not argue, and the record does not reflect, that any of the four criteria which "demand that exhaustion be excused" discussed in *Gonzalez* are present here. *See Gonzalez*, 355 F.3d at 1016. Therefore, Mr. Goryaev should exhaust his available remedy of requesting custody redetermination before an immigration judge before he brings his claims to this court.

Accordingly, Mr. Goryaev's petition for writ of habeas corpus will be dismissed without prejudice and subject to renewal should he exhaust his available administrative remedies as discussed herein, including requesting custody redetermination before an immigration judge and, if necessary, appealing the immigration judge's decision on custody redetermination to the Board of Immigration Appeals.

For these reasons, the court DENIES the petition for a writ of habeas corpus (ECF 1).

SO ORDERED.

May 4, 2026                                    *s/ Damon R. Leichty*
                                               Judge, United States District Court